IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:08 CR 68** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **ALLIANCE NATIONAL LIMITED** | ) | |
| **PARTNERSHIP d/b/a DEMILTA IRON** | ) | |
| **& METAL, LTD., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | **MEMORANDUM OPINION** |

This matter is before the Court on Defendant Ronald Vaughn's Motion to Dismiss Counts Two, Three, Four, Seven and Eight for Multiplicity, or Alternatively, Motion to Require Government to Elect Among Said Counts (Docket #28) and Defendant Vaughn's Motion to Dismiss, or Alternatively, to Strike Portions of the Superseding Indictment as Duplicitous (Docket #73). A hearing on said Motions was held on February 18, 2009.

With regard to duplicity, Defendant Vaughn argues that the Government must elect a single, clearly stated charge as the basis for each alleged false statement. (Docket #73 at p. 5.) Defendant asserts that as written, several Counts of the Superseding Indictment charge multiple false statements and, therefore, are duplicitous and undermine Defendant Vaughn's right to fair notice; a unanimous jury verdict; and, the protection against double jeopardy. Defendant asks this Court to require the Government to elect a single offense within each Count on which it

intends to rely at trial, and strike the remaining offenses alleged in the duplicitous Counts. In response, the Government argues that it is proper for the Government to charge multiple false declarations in perjury counts. *See United States v. Berardi*, 629 F.2d 723, 729 (2d Cir. 1980).

The Government states that it grouped the 88 separate false declarations by topical subject matter, with each Count containing multiple false declarations related to that topic. The Government asserts that there is no harm to Defendant Vaughn arising from the argued duplicity, as the statements are specific and certain; the statements supporting the perjury and obstruction Counts are easily identifiable; and, a unanimity instruction will overcome any concern about a unanimous jury verdict.

Relative to his multiplicity argument, Defendant Vaughn argues that several different perjury counts of the Superseding Indictment are based upon his responses to repetitive questions posed to him by the Government during his appearance before the Grand Jury. *Citing United States v. Lazaros*, 480 F.2d 174 (6th Cir. 1973), Defendant Vaughn asserts that responses to repeated and rephrased questions posed by the Government do not constitute separate offenses. Defendant argues that Counts Three, Four, Seven and Eight are multiplicitous and should be dismissed or, in the alternative, the Government should be ordered to elect the Counts upon which it will rely in its prosecution.

In response, the Government asserts that the perjury Counts are not multiplicitous, as each perjury Count requires proof of additional facts, thus satisfying the standard set forth in *Blockburger v. United States*, 284 U.S. 299 (1932). The Government states that the perjury Counts at issue are qualitatively different, requiring different facts to prove the alleged false declarations. See *United States v. Stanfa*, 685 F.2d 85, 88 (3d Cir. 1982). Further, the

Government asserts that arguments regarding multiplicity are premature, as they are properly addressed either at the close of the Government's case or at sentencing. *See United States v. Vinieris*, 595 F. Supp. 88, 92 (D.C.N.Y. 1984); *United States v. Throneburg*, 921 F.2d 654, 657 (6th Cir. 1990).

### Discussion

The Court has thoroughly reviewed the Motions submitted by Defendant Vaughn, the Government's responses thereto, and has considered the arguments made by the Parties at the February 18, 2009 hearing.  With regard to duplicity, the Court hereby finds Defendant Vaughn's Motion to be without merit.  The Superseding Indictment is clear and certain as to which statements are alleged to be false and, therefore, Defendant Vaughn has notice as to which statements he must prepare to defend at trial and there is no risk that the Court can discern of any subsequent prosecution for the same statements.  Further, as set forth in *United States v. Davis*, 306 F.3d 398 (6th Cir. 2002), concerns regarding a unanimous jury verdict may be remedied through the use of an appropriate unanimity instruction, instructing the jury that they must unanimously agree on at least one statement alleged to be false in order to convict.  *Id.* at 414-16.

With regard to multiplicity, the law allows the Government to charge Defendant as it has in the Superseding Indictment.  If convicted, the multiplicity argument may be made so that Defendant Vaughn is not sentenced more than once for each criminal act.  *United States v. Throneburg*, 921 F.2d 654, 657 (6th Cir. 1990).

### Conclusion

Based on the foregoing, Defendant Ronald Vaughn's Motion to Dismiss Counts Two, Three, Four, Seven and Eight for Multiplicity, or Alternatively, Motion to Require Government

to Elect Among Said Counts (Docket #28) and Motion to Dismiss, or Alternatively, to Strike Portions of the Superseding Indictment as Duplicitous (Docket #73) are hereby DENIED

IT IS SO ORDERED.

 s/Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: February 24, 2009